**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KATHERINE L. TODD RUBLE,<br><br>*Plaintiff*,<br><br>v.<br><br>FRANK J. BISIGNANO,<br>Commissioner of the Social Security Administration,<br><br>*Defendant*. | ) | No. 4:26-cv-00236-JMD |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Katherine L. Todd Ruble requests judicial review of the Commissioner of Social Security Administration's final decision denying her application for disability-related benefits and supplemental security income under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). But the Commissioner's determination is supported by substantial evidence. Under Eighth Circuit precedent, federal court review of the Commissioner's decision is very limited and highly deferential. The Court has no legal basis to upend the Commissioner's decision and thus **AFFIRMS** that decision.

## Background

### I. Procedural History

Todd Ruble filed an application for disability-related benefits in November 2023, and another for supplemental security income in March 2024. The Social Security Administration denied her claim and did so again upon application for reconsideration. Following a May 2025 hearing, Judge Robert Luetkenhaus again denied her claims, determining that Todd Ruble was not eligible to receive these benefits. The agency's appeals board then affirmed the administrative law judge's determination in December 2025. The

administrative law judge's decision is the Commissioner's final decision for purposes of judicial review.[1] *See* 20 C.F.R. §§ 404.900(a)(5); 416.1400(a)(5).

## II. Regulatory Background

To receive benefits under the Act, a potential claimant must prove a disability. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). That is a high standard. A person is disabled if she is unable to "engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) (emphasis added), 1382c(a)(3)(A) (similar). The impairment(s) must be "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in *any* other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A) (emphasis added), 1382c(a)(3)(B) (same).

To determine whether a claimant is disabled, the Commissioner employs a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). If the claimant is deemed not disabled in either of the first two steps, the evaluation ends in a failed claim. For the third step, unless the claimant has an impairment (or combination of impairments) that matches one (or any combination) listed under the regulations, the claim fails. Otherwise, the analysis continues to the last two steps. If the claimant is determined to be able to work under steps four or five, the request for benefits similarly fails.

[1] Because the administrative law judge's decision stands as the Commissioner's final decision, the Court will primarily refer to the Commissioner's—not the administrative law judge's—actions.

Steps one through three examine the claimant's current work activity and impairments. First, the Commissioner considers whether the claimant is "working." *Id.* §§ 404.1520(b), 416.920(b); *see id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the claimant is not disabled. *Id.* § 404.1520(b), (a)(4)(i); *id.* § 416.920(b), (a)(4)(i). Second, the Commissioner determines whether the claimant has a severe "impairment" that "significantly limits [her] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c); *see id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If no impairment exists, the claimant is not disabled. Third, if the claimant has an impairment, the Commissioner considers its medical severity. If the impairment "meets or equals" one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled. *Id.* §§ 404.1520(d), (a)(4)(iii); *id.* § 416.920(d), (a)(4)(iii). If not, the analysis proceeds to the next step.

As part of the analysis, the Commissioner must assess the claimant's "residual functional capacity." *Id.* § 404.1520(e), (a)(4)(iv); *id.* § 416.920(e), (a)(4)(iv). Residual functional capacity represents "the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (citation omitted). It is an "administrative assessment" based on "all relevant evidence," including "medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (cleaned up). "Accordingly, it is the responsibility of the [Commissioner], not a physician, to determine a claimant's [residual functional capacity]." *Id.*

Steps four and five examine the claimant's ability to work. At step four, the Commissioner assesses the claimant's "residual functional capacity and [the person's] past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant has the

residual functional capacity to "still do [his or her] past relevant work," the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). In the final step, the Commissioner considers the claimant's residual functional capacity as well as the person's "age, education, and work experience" to see if the claimant "can make an adjustment to other work." *Id.* § 404.1520(g), (a)(4)(v); *id.* § 416.920(g), (a)(4)(v). If the claimant can make an adjustment to "other work" that "exist[s] in significant numbers in the national economy," the Commissioner finds the claimant not disabled. *Id.* §§ 404.1560(c)(1), 416.960(c)(1); *see id.* §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If not, the claimant is deemed disabled. *Id.* §§ 404.1520(g), (a)(4)(v); *id.* §§ 416.920(g), (a)(4)(v).

## III. The Commissioner's Final Decision

Because the Commissioner did not supplant the administrative law judge's determination, that determination operates as the Commissioner's final decision. *See* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). Applying the five-step sequential evaluation process, the Commissioner deemed Todd Ruble not disabled and concluded that she did not qualify for the requested disability-related benefits or supplemental security income under the Social Security Act. After finding at step one that Todd Ruble had "not engaged in substantial gainful activity," the Commissioner determined at step two that she had "the following severe impairments: epicondylitis of the bilateral elbows, arthritis, trigger finger, carpal tunnel syndrome of the right hand, Raynaud's phenomenon, right shoulder impingement, peroneal nerve neuropathy, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, unspecified personality disorder, and stimulant disorder." ECF 7-1 at 27, 28. He further held for step three that the claimant did "not have an impairment or combination of impairments" listed in or medically equal to one contained in the regulations. *Id.* at 28.

Following step three, the Commissioner found that Todd Ruble has the residual functional capacity to "perform light work" subject to certain limitations. *Id.* at 31. Critically,

he held that the claimant "can perform only simple, routine, and repetitive tasks" and that she "can have no more than occasional interaction with supervisors and coworkers and can have no contact with the general public." *Id.* He also noted that the claimant "can maintain the concentration required to perform simple tasks, remember simple work-like procedures, and make simple work-related decisions." *Id.*

In the last two steps, the Commissioner decided that Todd Ruble "could perform other work in the national economy as a housekeeping cleaner, market, and routing clerk" even though she "could not perform any of her past relevant work." ECF 13 at 8. He relied on a vocational expert who testified that Todd Ruble "could perform other work in the national economy." *Id.* at 10. Because he determined that Todd Ruble can make a successful adjustment to other work that exists in significant numbers in the national economy, the Commissioner deemed Todd Ruble "not disabled" under the Act. ECF 7-1 at 43. In other words, Todd Ruble had not proven that she was "unable to engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3)(A) (emphasis added).

**Standard of Review**

Article III courts have very narrow authority to review the decision of the Commissioner to grant or deny public benefits. "Congress may allow the Executive Branch to resolve certain matters free from judicial involvement"—perhaps at all. *SEC v. Jarkesy*, 603 U.S. 109, 152 (2024) (Gorsuch, J., concurring). These "matters" include the "grant [or denial] of public benefits." *Id.* at 152–53. In this area, Congress has chosen to give federal courts some (limited) authority to review the decision of the agency, but courts must remain cognizant of this highly limited role.

Congress has given federal courts authority to review only select matters in this area. First, courts can review whether the Commissioner's fact findings are "supported by

substantial evidence." 42 U.S.C. § 405(g). If the findings are supported, then the Commissioner's findings "shall be conclusive." *Id.* Second, if the Commissioner rules against a petitioner because that petitioner fails to comply with an agency regulation, "the court shall review only the question of conformity with such regulations and the validity of such regulations." *Id.* Third, courts may (in certain circumstances) "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

**Analysis**

Todd Ruble asserts that the Commissioner's decision was not supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* It is simply "more than a mere scintilla." *Id.* The Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). Courts "defer heavily to the findings and conclusions of the Social Security Administration." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (citation omitted). The Court does not "reweigh the evidence presented to the ALJ." *Reece*, 834 F.3d at 908 (citation omitted). The Court will not "reverse merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (cleaned up); *see also McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (similar).

Under this highly deferential standard, the Commissioner prevails. Todd Ruble urges the Court to upend the Commissioner's final decision because she believes the administrative

law judge (1) "failed to resolve the material inconsistency between . . . two vocational experts' opinions," and (2) "did not include a limitation from a persuasive medical opinion in the [residual functioning capacity] and failed to explain why it was excluded." ECF 13 at 3, 9. But substantial evidence supports the Commissioner's determination on both points. Although judicial review is "more than a rubber stamp," *McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir. 1983), the Court "must uphold" the Commissioner's decision "if it is supported by substantial evidence on the administrative record as a whole," *Hensley*, 829 F.3d at 931 (citation omitted). The Commissioner met this standard, so Todd Ruble's claims fail.

### A. Material Conflict in Vocational Experts' Opinions

Todd Ruble first asserts the ALJ improperly resolved a material inconsistency in the opinions of two vocational experts by accepting one of the opinions in his decision and omitting the other. In particular, she says the ALJ discussed one expert's testimony (that Todd Ruble could have only occasional interaction with others) while not discussing another expert's testimony (that the initial training period for a job requires more than occasional interaction with others). ECF 13 at 9–10. But an ALJ "is not required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). Under the modern regulatory framework, for evidence deemed "inherently neither valuable nor persuasive," the Commissioner "will not provide any analysis about how [he] considered such evidence in [his] determination or decision." 20 C.F.R § 416.920b(c). Strictly following the regulation's text, the ALJ does not have to include evidence that he believes is unpersuasive or provide a specific explanation for why that evidence is not included.

That is especially true here. As the government notes, the second expert appears to have opined on an ultimate issue reserved for the Commissioner to decide. ECF 16 at 5.

Further, there is no necessary conflict between the first expert's remark that Todd Ruble should have only occasional interaction with others and the second expert's remark that jobs can involve more extensive interaction at the very beginning, during a training period. Even if a job may have greater interaction at the beginning of the job, the job as a whole may still involve only limited interaction with others.

Todd Ruble argues the ALJ violated Social Security Ruling 96-8p by failing to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." ECF 13 at 9 (quoting SSR 96-8p, 1996 WL 374184 (July 2, 1996)). But even assuming she is correct, Todd Ruble does not cite any precedent requiring remand "simply because the ALJ violated an SSR." *Fisher v. Bisignano*, No. 3:25-CV-714-MMH-LLL, 2026 WL 2516727, at *3 (M.D. Fla. Aug. 26, 2026). The Court is aware of none. Todd Ruble argues that "[t]he Eighth Circuit has specifically held that it is legal error for an ALJ to ignore a claimant's vocational expert and rely instead on the government vocational expert." ECF 13 at 9 (citing *Ekeland v. Bowen*, 899 F.2d 719, 721 (8th Cir. 1990)). But *Ekland* involved an administrative law judge who issued a ruling based on an incomplete file; the agency thus had "completely ignore[d]" relevant information. *Ekeland*, 899 F.2d at 721. Here, Todd Ruble is not alleging that the ALJ in this case lacked access to the expert testimony but merely that the ALJ did not expressly explain in his opinion alleged inconsistencies between dueling experts whom the ALJ heard from at the hearing. ECF 13 at 9–10. *Ekeland* is not on point.

Even if a violation of SSR 96-8p would require remand by this Court, remand is not warranted here because Todd Ruble has not "provide[d] some indication that the ALJ would have decided differently if the error had not occurred." *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012). Todd Ruble does not argue, and certainly has not established, that the ALJ's decision would have been different if the ALJ merely provided more discussion about why

the ALJ preferred the opinion of one dueling expert over the other. Thus, any alleged error is harmless because "there is no indication that the ALJ would have decided differently." *Id.* (citation omitted).

### B. Omission of Limitation from Persuasive Medical Opinion

Todd Ruble also argues that the ALJ erred by crediting part of an expert's opinion but then failing to explain why the ALJ did not adopt another aspect of the same expert's opinion. ECF 13 at 11. But the ALJ is "not required to articulate how [he] considered each medical opinion" from "one medical source individually." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(1)). And there is no conflict between what the ALJ did discuss (that Todd Ruble could have only occasional interaction with others) and the part of the expert's opinion that the ALJ did not discuss (that Todd Ruble would likely be distracted by others). *See* ECF 13 at 12–13. Regardless, the Eighth Circuit has "consistently held that a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999). Todd Ruble does not argue that the ALJ's omission of one limitation from the expert witness' opinion had any practical effect on the outcome of the case. The Court therefore "reject[s]" Todd Ruble's "argument that the conclusory form of the ALJ's decision alone justifies remand." *Id.*

## Conclusion

Based on a fully and fairly developed record, and applying the highly deferential standard that Congress has created, the Court concludes that the Commissioner's determination is supported by substantial evidence and the Court has no legal basis to upend the Commissioner's decision.

**IT IS HEREBY ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 25th day of November, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI